UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| J. B. WHITELOW, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:10 CV 045 |
| v. ) | |
| ) | |
| LAKE COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

J. B. Whitelow, Jr, a *pro se* prisoner, filed a complaint which was screened pursuant to 28 U.S.C. § 1915A. He was granted leave to proceed against Officer Sutherland for an excessive use of force and against Nurse Patterson for denying him medical treatment. Those defendants have filed a summary judgment motion asserting that Whitelow did not exhaust his administrative remedies prior to filing this lawsuit as required by 42 U.S.C. § 1997e(a). Whitlow has responded and the defendants have replied. The motion is now fully briefed.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). "Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit. § 1997e applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). Although not

depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000).

"Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Of course,

> when the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited. On the other hand, when prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality.

*Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, where prison officials render a grievance remedy "unavailable" by refusing to give a grievance form to a prisoner, the inmate is excused from the exhaustion requirement.

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir.1994) (citations and quotation marks omitted). "Substantive law determines which facts are material;

2

that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not merely "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element necessarily renders all other facts immaterial).

Because the defendants are the moving party, and because they bear the burden of proving the affirmative defense of lack of exhaustion, the court must "extract all reasonable inferences from the evidence in the light most favorable to" Whitelow as the nonmoving party. *Matsushita,* 475 U.S. at 586. A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a

vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

In support of their summary judgment motion, the defendants submitted an affidavit from Christopher A. McQuillin, the Lake County Jail Handbook, and the grievance records of Whitelow. Christopher A. McQuillin, in his affidavit, states that he has personal knowledge of all grievances filed at the Lake County Jail. (DE # 28-1 at 2.) He states that after searching those records, he has only found three grievances filed by Whitelow – none of which relate to the claims presented in this case. (DE # 28-1 at 3.) He also quotes the grievance policy from the Lake County Jail Handbook:

> XVI. INMATE GRIEVANCE PROCEDURES
> A.  If you have a complaint or problem, you must make every effort to resolve it with the Corrections Officer. In other words, you must first discuss it with the officer assigned to your area. When the Corrections Officer is unable to satisfy the complaint, the Floor Supervisor will discuss the situation with you and supply you with the necessary form.
> B.  If the complaint is not satisfactorily answered by the Turn Supervisor, he will furnish and instruct the inmate, to complete and execute the formal grievance form within seventy-two (72) hours from the time of the alleged grievance. Give the completed form to any officer and he will pass it on to the Deputy Warden's Office to be answered within five (5) working days. If you are still dissatisfied, you may appeal within 72 hours in writing on the proper appeal form to the Warden. The Warden or Assistant Warden will give his decision within five (5) working days. If still dissatisfied, you may appeal, in writing, on the appeal form and direct it to the Sheriff. His decision is final. He has

> five (5) days to answer. The appeal form will be supplied by the
> Deputy Warden's Office.

(DE # 28-1 at 2 and DE # 28-2 at 11.)

Whitelow acknowledges that the jail had a grievance procedure and he does not dispute that the procedure cited by the defendants was the grievance policy while he was at the jail. (DE # 9 at 2 and DE # 29 at 1.) Rather, he submitted a statement asserting that he tried to obtain a grievance form so that he could file a grievance, but was refused by four different jail officers: Borcherdt, Sgt. Thomas, Officer Washington, and Reeves. (DE # 29 at 1.) Indeed, he provided this same information in his verified complaint. (DE # 9 at 2.)

In their reply brief, the defendants argue that,

> Although Whitelow contends he was denied the right to file a grievance, he also attached a copy of the disciplinary action taken against him, for the same March 6, 2010, incident alleged in his complaint, that took place at a disciplinary hearing on held on [sic] March 9, 2010. [DE 9, page 6]. There is no evidence that Whitelow made any complaint at said hearing regarding his allegation that he was "denied"" the right to file a grievance regarding the March 6, 2010, incident.

(DE # 32 at 4.) Though it is true that the disciplinary hearing report cited by the defendants does not mention Whitelow asking for a grievance form during that hearing, the report is not a transcript of that hearing nor was it even written by Whitelow. Rather it is a summary of the hearing written by the hearing officers. Because the reason for the hearing was to determine whether Whitelow had refused to obey an officer and whether he had flooded his cell, there is no indication that Whitelow should have

5

discussed a subsequent excessive use of force or denial of medical treatment during his disciplinary hearing. As such, the disciplinary hearing report does not create a genuine issue of disputed fact as to whether Whitelow attempted to obtain a grievance form from any of the four named officers. Therefore, pursuant to FED. R. CIV. P. 56(e)(2), the court accepts as an undisputed fact that Whitelow was denied a grievance form by the four named Lake County Jail Officers.

Because jail officials prevented Whitelow from obtaining grievance forms, they made the process unavailable to him. Therefore the motion for summary judgment must be denied.

For the foregoing reasons, the court:

(1) **DENIES** the defendants' motion for summary judgment (DE # 32); and

(2) **LIFTS** the stay on discovery.

**SO ORDERED**.

Date: August 29, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT